## NEW YORK CIRCUIT.
### DECEMBER 4, 1847.
### Before EDMONDS, Justice.

JOHN LESLIE v. SAMUEL HOFFMAN.

A chattel mortgage to secure a usurious loan is void, and the mortgageor can maintain trover against the mortgagee for selling the goods mortgaged.

In such suit the measure of damage is the value of the goods to the plaintiff, making an allowance for the amount he had received on the loan.

THIS was an action of trover, tried at the New York Circuit, December 4, 1847.

The plaintiff, being in want of money to carry on his business as a bookbinder, advertised for a loan. He was waited upon by the defendant, who loaned him $250 on an agreement to pay therefor five dollars a week, and, to secure the loan, plaintiff gave his note for the amount loaned, payable on demand, together with a chattel mortgage on the tools of his trade. Some months having elapsed without the loan being repaid, the defendant foreclosed his mortgage by selling the tools at auction for about $80.

The plaintiff then brought this suit to recover the value of the tools, on the ground that the mortgage was void by reason of the usury.

On the trial it was proved that the articles mortgaged were bought on the sale by a friend of the plaintiff's, who immediately leased them to him, and they had been in his possession from the day of the sale until the time of the trial; that the defendant had recovered against the plaintiff a judgment on the note for a balance of about $100, and that the tools were worth to the plaintiff, or to any mechanic engaged in the business, $500, though on a public sale they were not worth more than they sold for.

*Edmonds, J.,* charged the jury that if they were sat-

---

isfied that it was a loan, and at a usurious rate of interest, the mortgage taken to secure it was void, and the plaintiff ought to recover.

And as to the damages which he ought to recover, they were to be such as would indemnify the plaintiff for the loss which he had sustained. If they were satisfied that the articles had been bought in by the plaintiff, then the damages would be measured by the sum which it had cost him to redeem them from the defendant's claim upon them. If, however, they believed that they had been sold away from the plaintiff, and he thereby entirely deprived of them, then the measure of damage would be the amount of loss it had been to him, taking into the account the sum which he had already received from the plaintiff.

Verdict for plaintiff for $465.

*N. B. Blunt* for plaintiff.

*D. E. Wheeler* for defendant.